IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUEEN JANATA MONTGOMERY-BEY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3521-E-BN |
| SOUTHERN METHODIST UNIVERSITY, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

On December 1, 2020, Plaintiff Queen Janata Montgomery-Bey removed to federal court the civil case that she filed *pro se* in state court in Dallas County against Defendant Southern Methodist University, *see Janata Montgomery v. S. Methodist Univ.*, No. DC-19-17588 (162d Jud. Dist. Ct., Dallas Cnty., Tex.), alleging that the Court possesses subject matter jurisdiction under 28 U.S.C. § 1332, *see* Dkt. No. 3.

United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal [Dkt. No. 3], the undersigned *sua sponte* questioned whether removal is proper and entered an order requiring that Montgomery file, by January 6, 2021, a written response supported by evidence or facts to establish that federal jurisdiction exists, including a copy of all process, pleadings, and orders served in the state court action, *see* Dkt. No. 6.

SMU then moved to dismiss this case, asserting that there is no state court action pending, or, in the alternative, to remand it to the state court and requested associated attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 7. And the Court ordered Montgomery to respond by January 21, 2020. *See* Dkt. No. 8.

She responded to neither the Court's order nor SMU's motion. Instead, since removing this case, Montgomery has filed an amended notice of removal (now asserting that there is federal question jurisdiction under 28 U.S.C. § 1331), *see* Dkt. No. 9; moved for default judgment, *see* Dkt. No. 10; and replied to her own motion for default judgment, *see* Dkt. Nos. 12 & 13.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, because Montgomery has not established federal jurisdiction, the Court should grant SMU's motion in the alternative, remand this action to the 162nd Judicial District Court of Dallas County, from which it was removed, thereby terminating Montgomery's motions, and award SMU its costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court may determine after remand.

**Legal Standards and Analysis**

I. <u>Removal and Remand</u>

    **A. Subject Matter Jurisdiction**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may

only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

    1.    <u>Diversity</u>

In her initial notice of removal, Montgomery did not allege a federal claim. She instead characterized this action as "one which may be removed from [state court] by the Plaintiff according to (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same." Dkt. No. 3 at 2.

On the same page, Montgomery identified her address as on Ervay Street in Dallas, Texas. *See id.* But on the preceding page she identified herself as "Queen Janata Montgomery-Bey" of "The Moorish American Republic." *Id.* at 1. And the Court may take judicial notice that SMU is a private university in Dallas, Texas.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd.*

*P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

Montgomery has not distinctly and affirmatively alleged a basis for diversity jurisdiction. And the Court need not accept that she is domiciled outside the United States based on her identifying herself with "The Moorish American Republic." *See, e.g.*, *Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *6 (D. Neb. June 13, 2019) ("Knight does not purport to invoke the court's 'diversity of citizenship' jurisdiction, under 28 U.S.C. § 1332, nor could she legitimately do so based on her

alleged status as 'a citizen of the Moorish National Republic Federal Government, Northwest Africa.'" (citations omitted)). So the only evidence of domicile that Montgomery has provided as to herself is that she resides in Dallas, Texas, where SMU is also located.

2. Federal Question

Insofar as Montgomery's amended notice of removal cites Section 1331 and concludes without explanation that her claims arise under federal law, *see* Dkt. No. 9, she has not established that they do.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis ... in those allegations necessary to support the plaintiff's

claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim.").[1] Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly

---

[1] *See also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("[T]o support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

Montgomery attaches to her reply in support of the motion for default judgment [Dkt. No. 12] records that reflect that she filed a grievance against the director of SMU's family law clinic, and correspondence from the professor's counsel (also SMU's counsel here) reflects what the origin of Montgomery's claims against the university may be:

> Pursuant to the letter received from the State Bar of Texas Client-Attorney Assistance Program (CAAP), dated March 2, 2020, and your request for your "file," enclosed please find documents prepared in connection with your visits to the Self-Help Desk hosted by SMU's VanSickle Family Law Clinic (the "Clinic").
> The Clinic regularly hosts the Self-Help Desk to assist self-represented litigants in family law matters that are pending in Dallas County. The Self-Help Desk allows the Clinic's student attorneys to review and assist self-represented litigants in completing pro se forms, while under Professor Brantley's supervision as the Clinic instructor. The Clinic did not represent you in your family law case or any other matter. Therefore, a traditional "client file" does not exist, and we are unable to provide any additional documents or information.
> Nevertheless, in an effort to resolve your complaint, we have enclosed the forms that were prepared or executed in connection with your visits to the Self-Help Desk in March 2018 and February 2019.
> Please note that any redactions to the enclosed documents have been made in order to protect the student-attorneys' identifying

> information, as required by the Family Educational Rights and Privacy Act (FERPA), or information relating to other self-represented litigants that visited the Clinic's Self-Help Desk.

Dkt. No. 12-2 at 1-2; *see also id.* at 5-11 (entries on the clinic's March 9 and 28 2018 and February 15, 2019 sign-in sheets and other records reflecting that Montgomery sought assistance regarding a divorce).

In sum, neither Montgomery's conclusory factual allegations nor these records establish "either that federal law creates [a] cause of action [here] or that the [Montgomery's] right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

### B.  Contravention of the Removal Statute

This case must be remanded because Montgomery has not established federal jurisdiction. But her removal is also procedurally defective for several reasons, as SMU's motion observes. *See* Dkt. No. 7 at 3-4; *see also* 28 U.S.C. § 1447(c) (procedural defects must be raised through a motion to remand within thirty days of removal); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (same).

First, "neither 28 U.S.C. § 1441 nor 42 U.S.C. § 1443 authorizes removal of a case to federal court by a plaintiff." *E.g.*, *Cooper v. City of Plano, Tex.*, 260 F. App'x 680, 2007 WL 4513102, at *1 (5th Cir. Dec. 21, 2007) (per curiam). And, as SMU also asserts, *see* Dkt. No. 7 at 3-4, if the state case was dismissed prior to Montgomery's removal, removal would indeed contravene the applicable federal statutes, *see, e.g.*, *City of Newark v. Lawson*, 346 F. App'x 761, 762 (3d Cir. 2009) (per curiam) ("Because the state court proceedings had already concluded by the time Lawson filed his notice of appeal, removal was not appropriate." (citing 28 U.S.C. §§ 1441(a) & 1446(a))).

But neither defect appears to affect the Court's subject matter jurisdiction. *See Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) ("'[T]he fact that removal is contrary to the technical requirements of § 1441(a) or § 1446(b) has no effect on subject matter jurisdiction. Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period in § 1447(c) for seeking remand on non-jurisdictional grounds.'" (quoting *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999); original brackets omitted)).

And, because removal of a closed state court case appears to be a non-jurisdictional procedural defect, the Court should decline to grant SMU's motion to dismiss "[g]iven that the State Court Action [was] closed" prior to Montgomery's filing her initial notice of removal. Dkt. No. 7 at 3; *see also id.* at 3-4 ("28 U.S.C. § 1441(a) states that a case in which original jurisdiction exists 'may be removed … to the district court of the United States for the district and division embracing the place where such action is ***pending***.' This case is no longer pending in the State Court due to the State Court's dismissal of the case during the docket call the morning of December 1, 2020. Therefore, even if Plaintiff could remove her own case from state to federal court (which, as discussed below, she cannot), Plaintiff may not do so after the deadline for removal has passed and the case is no longer pending in the State Court. Because the State Court Action is no longer pending, the Court should dismiss the case, as there is no State Court Action to remand." (citation omitted)).

II.   Costs and Expenses

"SMU also requests that the Court order Plaintiff to pay SMU's costs and attorneys' fees incurred in connection with SMU's Motion to Dismiss, or, in the Alternative, Remand…." Dkt. No. 7 at 5-6. And, prior to SMU's moving to remand, the Court cautioned Montgomery "that, if a motion to remand is filed, '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" Dkt. No. 6 at 5 (quoting 28 U.S.C. § 1447(c)).

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section

1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

That she is proceeding *pro se* excuses neither Montgomery's removal of this action nor her refusal to concede to remand once the Court notified her that it was likely that subject matter jurisdiction was lacking (or respond *at all* to the Court's initial order or the motion for remand). Montgomery's objectively unreasonable removal to this Court has needlessly perpetuated this litigation, forcing SMU to incur additional – and unnecessary – legal fees.

While the Court should award SMU its costs and actual expenses, including the attorneys' fees, associated with the removal of this action, SMU has yet to provide the Court an affidavit from its attorney outlining those costs and expenses. But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), it should remand this action and then refer the costs-and-expenses issue to the undersigned for determination or recommendation. *See Coward v. AC & S, Inc.*, 91 F. App'x 919, 921-22 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citations omitted)).

## Recommendation

The Court should grant Defendant Southern Methodist University's Motion to Dismiss, or, in the Alternative, Remand [Dkt. No. 7] to the extent that the Court should remand this action to the 162nd Judicial District Court of Dallas County, from which it was removed, thereby terminating Plaintiff Queen Janata Montgomery-

Bey's motions, and award SMU its costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c) – the amount of which to be awarded being an issue the Court retains jurisdiction over (and should be referred to the undersigned for determination or recommendation) after remand.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE