IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUEEN JANATA MONTGOMERY-BEY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3521-E-BN |
| SOUTHERN METHODIST UNIVERSITY, | § § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 1, 2020, Plaintiff Queen Janata Montgomery-Bey removed to federal court the civil case that she filed *pro se* in state court in Dallas County against Defendant Southern Methodist University, *see Janata Montgomery v. S. Methodist Univ.*, No. DC-19-17588 (162d Jud. Dist. Ct., Dallas Cnty., Tex.), alleging that the Court possessed subject matter jurisdiction under 28 U.S.C. § 1332, *see* Dkt. No. 3.

United States District Judge Ada Brown referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal [Dkt. No. 3], the undersigned *sua sponte* questioned whether removal was proper and entered an order requiring that Montgomery file, by January 6, 2021, a written response supported by evidence or facts to establish that federal jurisdiction exists, including a copy of all process, pleadings, and orders served in the state court action, *see* Dkt. No. 6.

SMU then moved to dismiss this case, asserting that there is no state court action pending, or, in the alternative, to remand it to the state court and requested associated attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 7. And the Court ordered Montgomery to respond by January 21, 2020. *See* Dkt. No. 8.

She responded to neither the Court's order nor SMU's motion. Instead, after removing this case, Montgomery filed an amended notice of removal (asserting that there is federal question jurisdiction under 28 U.S.C. § 1331), *see* Dkt. No. 9; moved for default judgment, *see* Dkt. No. 10; and replied to her own motion for default judgment, *see* Dkt. Nos. 12 & 13.

And, on March 3, 2021, the Court entered judgment granting SMU's motion to the extent that the Court remanded this action to state court (thereby terminating Montgomery's motion for default judgment) and awarding SMU its costs and actual expenses, including reasonable attorneys' fees, under Section 1447(c), referring the amount to be awarded to the undersigned for determination or recommendation under 28 U.S.C. § 636. *See* Dkt. No. 16; *see also* Dkt. Nos. 14 & 15; *Coward v. AC & S, Inc.*, 91 F. App'x 919, 921-22 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); citations omitted)).

As ordered, SMU filed a timely request for costs and actual expenses, including attorneys' fees, under Section 1447(c). *See* Dkt. Nos. 17 & 18. But Montgomery failed to respond. And the deadline by which to do so has expired. *See* Dkt. No. 17.

"[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Out of an abundance of caution, a request under 28 U.S.C. § 1447(c) for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" should likewise be treated as dispositive, just as a post-judgment motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) must be. *See* FED. R. CIV. P. 54(d)(2)(D) ("Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

Consistent with this authority, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should award SMU $9,823.10 in costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

## Legal Standards and Analysis

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted); *see also The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 534 (5th Cir. 2020) ("[T]he financial burden for improper removal serves important deterrence purposes, but removal has its own importance: 'Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' Consequently, when to impose Section 1447(c) sanctions is a discretionary decision." (quoting *Martin*, 546 U.S. at 140; citing *id.* at 141)).

That Montgomery is proceeding *pro se* excuses neither her removal of this action nor her refusal to concede to remand once the Court notified her that it was likely that subject matter jurisdiction was lacking (or respond *at all* to the Court's

initial order or the motion for remand). *See* Dkt. No. 6 at 5 (cautioning Montgomery, prior to SMU's moving to remand, "that, if a motion to remand is filed, '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal'" (quoting 28 U.S.C. § 1447(c))). As set out fully in the Court's decision to remand this case, *see Montgomery-Bey v. S. Methodist Univ.*, No. 3:20-cv-3521-E-BN, 2021 WL 811855 (N.D. Tex. Feb. 4, 2021), *rec. accepted*, 2021 WL 808737 (N.D. Tex. Mar. 3, 2021), Montgomery's removal to this Court was objectively unreasonable and needlessly perpetuated this litigation, forcing SMU to incur additional – and unnecessary – legal fees.

Given the lack of an objectively reasonable basis for removal, SMU seeks to recover costs and actual expenses, including reasonable attorneys' fees, amounting to $9,956.28, a sum established by uncontested evidence. *See* Dkt. No. 18-1, Affidavit of [Attorney] Kimberly F. Williams.

"[W]ith respect to an award under § 1447(c) of 'costs' (at least in the sense of costs under Fed. R. Civ. P. 54(d)(1)) the remanding court's discretion is much broader ... than with respect to an attorney's fees award by the remanding court under § 1447(c)." *Hornbuckle*, 385 F.3d at 541 n.5 (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Valdes*, 199 F.3d at 293). "Even as to such 'costs,' however, discretion is not unlimited." *Id.* (citing *W.H. Avittis v. Amoco Prod. Co.*, 111 F.3d 30, 32, 33 (5th Cir. 1997)); *see also Thibodeaux Family Ltd. P'ship v. Holland*, No. 06-1626, 2006 WL 3899908, at *2 (W.D. La. Nov. 29, 2006) ("Rule 54(d)(1) costs are not subject to [Section 1447(c)'s] objective reasonableness test. Rather, [that rule] creates a strong

presumption that the prevailing party will be awarded costs." (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); citation omitted)).

I. <u>Attorneys' Fees</u>

"[A] party may only recover attorneys' fees 'incurred as a result of the removal.'" *Western Healthcare*, 2016 WL 7735761, at *3 (quoting 28 U.S.C. § 1447(c)). The United States Court of Appeals for the Fifth Circuit "has 'interpret[ed] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court.'" *Id.* (quoting *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)). "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts*, 111 F.3d at 32; *accord De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 439 (5th Cir. 2014) (per curiam); *see, e.g.*, *Wermelinger v. Conn. Gen. Life Ins. Co.*, No. 3:97-cv-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) ("Because only fees incurred as a result of the removal are recoverable, the court must reduce many entries. The entries range from time spent on motions to dismiss and motions to disqualify opposing counsel.").

To determine those fees "incurred as a result of removal," "[t]his Court uses the 'lodestar' method," *Western Healthcare*, 2016 WL 7735761, at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); citations omitted), which it calculates by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate – the market rate in the community for this

work, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Davis*, 526 F.2d at 868; *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). And movants seeking attorneys' fees are "charged

with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

"Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary

– or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards

in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize the approach laid out by this Court. *See Black v. Settle Pou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a subsequent published opinion, rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends,

- 10 -

> make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....
>
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....
>
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95; *see also Rodney v. Elliot Sec. Sols., L.L.C.*, ___ F. App'x ____, No. 20-30521, 2021 WL 1235805, at *2 (5th Cir. Apr. 1, 2021) (per curiam) ("In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.' After determining the lodestar, the district court may then examine the *Johnson* factors to decide if appropriate adjustments to the lodestar are necessary. In other words, the *Johnson* factors are guides for adjusting a lodestar *not* calculating a lodestar in the first instance. We emphasize that we generally require a district court to 'explain with a *reasonable* degree of specificity the findings and reasons upon which the award is based,' which includes an indication of how the *Johnson* factors were applied." (citations omitted)).

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the

- 11 -

necessary factors when determining the appropriate amount of attorneys' fees to be awarded under 28 U.S.C. § 1447(c).

And, in the end, the Court need only "'provide "a reasonably specific explanation for all aspects of a fee determination."'" *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (quoting *Combs*, 829 F.3d at 391 (quoting, in turn, *Perdue*, 559 U.S. at 558)). So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)). Instead, this Court's "analysis [must be] 'complete enough' for [the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

SMU seeks to recover fees averaging $459.17 an hour for Ms. Williams, (a partner at Locke Lord LLP (the Firm)) and $296.14 an hour for Jennifer McCoy and $290.67 an hour for Taylor Levesque (both associates at the Firm), for 27.6 hours of billable time associated with responding to Montgomery's objectively unreasonable removal to this Court. *See* Dkt. No. 18-1 (further providing testimony in support of the reasonableness of the hourly rate and the time incurred).

Montgomery does not challenge the hourly rates. And the undersigned finds that these rates are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area.

The affidavit and records attached thereto include a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at 7-19. And these descriptions reflect that some time incurred by these attorneys after Montgomery's objectively unreasonable removal to this Court was not included in the current request for attorneys' fees, evidencing a degree of billing judgment.

Thus, having carefully reviewed the billing records, the undersigned finds that the 27.6 hours of attorney time– all time incurred solely as a result of Montgomery's wrongful removal – are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that SMU should be awarded its requested attorneys' fees.

The undersigned therefore finds the appropriate lodestar here to be calculated as 27.6 hours at a blended hourly rate of approximately $355.90, for a total of $9,823.10. While the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. SMU does not seek an enhancement of its attorneys' fees. And the undersigned determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

II.   Costs

SMU also requests $133.18 in costs, an amount that appears to be the total of the "Courtlink Online Research" expenses in the billing records. *See* Dkt. No. 18-1 at 9, 12, 15. But SMU's evidence provides no further explanation as to these costs.

To the extent that these costs are associated with Montgomery's removal, at least one other district court in this circuit, citing "the Federal Rules of Civil Procedure's liberal approach to allowing costs," found that "nothing precludes the recovery of costs associated with removal" but then limited such costs "only to those specifically listed in 28 U.S.C. § 1920." *In re N.Y. Life Ins. Co. Agents' Class Claimants Solicitation Litig.*, 92 F. Supp. 2d 564, 573 (E.D. La. 1997) (citation omitted); *see also Hornbuckle*, 385 F.3d at 541 n.5 (noting that the Court's discretion as to the award of costs associated with removal "is not unlimited").

The undersigned agrees with this approach. And, under this approach, it does not appear that these costs are recoverable because SMU fails to specify that the Courtlink costs incurred were not associated with legal research. So, insofar as the $133.18 is associated with removal, these costs should be excluded.

As another judge of this Court has explained in a similar context,

> [t]he Fifth Circuit has not decided whether PACER fees are recoverable under Rule 54(d) and § 1920. *Zastrow v. Hous. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam). And district courts are split on this issue. *Id.* (citing *Giner v. Estate of Higgins*, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012) (collecting cases)). As Judge Costa, sitting in the Southern District of Texas by designation, has pointed out, "[s]ome district courts draw a distinction between costs incurred performing research (unrecoverable) and those sustained making copies of documents for use in litigation (recoverable)." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 2018 WL 3388766, at *2 n.2 (S.D. Tex. July 12, 2018) (Costa, J.) (comparing *Maher v. Vaughn, Silverberg & Assocs., LLP*, 2015 WL 1807056, at *4 (W.D. Tex. Apr. 20, 2015) *with U.S. ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013)). This is because "[t]he 'overwhelming weight of authority in this and other circuits' rejects the view that a party can recover costs for computerized legal research." *Id.* (quoting *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581-82 (W.D. Tex. 2010) (collecting cases)).

*Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, No. 3:12-cv-1318-B, 2020 WL 230617, at *4 (N.D. Tex. Jan. 14, 2020).

## Recommendation

The Court should award Defendant Southern Methodist University $9,823.10 in costs and actual expenses, including reasonable attorneys' fees, under 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE